**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

JAMIE D. JARDINE and
ERICK DARRINGTON,

        Plaintiffs,

  v.                                        Case No. 09-C-1114

ALFONSO GRAHAM, JAMES HART,
JAYNE HACKBARTH, STEVE LANDREMAN,
ARELY GONNERING, FRED A. MELENDEZ,
M. JEANNE HUIBREGTSE, FRAN PAUL,
SHARON WILLIAMS, and RICK RAEMISCH,

        Defendants.

# ORDER

The plaintiffs, Jamie D. Jardine and Erick Darrington, who are state prisoners, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that their civil rights were violated. This matter comes before the court on the plaintiffs' motions for leave to proceed *in forma pauperis*, their motion to appoint counsel, and their motion for class certification. The court also will consider twenty-one motions that have been filed by non-parties, most of which seek leave to intervene.

Each prisoner plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*.

Plaintiff Jardine filed two motions for leave to proceed *in forma pauperis*, each with a certified copy of his prison trust account statement for the six-month period

immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). He has been assessed and paid an initial partial filing fee of $24.17. He has also paid additional partial filing fees $18.42, $13.49, $20.80, $41.84, and $15.04. Jardine's first motion (Docket #7) will be granted, and his second motion (Docket #9) will be denied as moot.

Plaintiff Darrington also filed a motion for leave to proceed *in forma pauperis*, along with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). Darrington was assessed $350.00 as his initial partial filing fee, and he was able to pay it. Accordingly, his motion will be denied as moot.

Jardine and Darrington have also filed a motion to appoint counsel and a motion for class certification. However, before the court addresses those motions, it must screen the plaintiffs' complaint pursuant to 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of

-2-

Case 2:09-cv-01114-JPS   Filed 06/02/10   Page 2 of 19   Document 70

immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). He has been assessed and paid an initial partial filing fee of $24.17. He has also paid additional partial filing fees $18.42, $13.49, $20.80, $41.84, and $15.04. Jardine's first motion (Docket #7) will be granted, and his second motion (Docket #9) will be denied as moot.

Plaintiff Darrington also filed a motion for leave to proceed *in forma pauperis*, along with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). Darrington was assessed $350.00 as his initial partial filing fee, and he was able to pay it. Accordingly, his motion will be denied as moot.

Jardine and Darrington have also filed a motion to appoint counsel and a motion for class certification. However, before the court addresses those motions, it must screen the plaintiffs' complaint pursuant to 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting

-3-

under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## COMPLAINT ALLEGATIONS

Jardine was convicted of one count of attempted first degree intentional homicide and four counts of first degree sexual assault. On April 15, 1994, he was sentenced to a long indeterminate sentence of sixty years, with parole eligibility after fifteen years. *See* Wis. Stats. §§ 304.06(1)(b) and 302.114 (1993-1994). While incarcerated, Jardine has compiled an exemplary record, including educational achievements, volunteer activities, and extensive therapy. In 2008, Jardine appeared before the parole board for the first time and parole was denied. He asserts that, under current parole board policy, he has no realistic chance for parole.

Darrington was convicted of two counts of armed robbery and theft and criminal damage. On February 17, 1998, he was sentenced to one long indeterminate sentence of 30 years, with parole eligibility after seven and a half years. *See* Wis. Stats. §§ 304.06(1)(b) and 302.114 (1997-1998). Darrington represents that he has an excellent record of educational, social, emotional, and vocational growth. Darrington has appeared before the parole board four times, in

-4-

Case 2:09-cv-01114-JPS   Filed 06/02/10   Page 4 of 19   Document 70

2004, 2007, 2008, and 2009. He has been endorsed twice to complete his clinically diagnosed AODA residential treatment, but he does not have an entrance date for a program scheduled. Darrington submits that he is now only seven years from his mandatory release date and has no realistic chance for parole before that date.

The plaintiffs contend that there have been changes in the parole standards and the policies utilized by the parole commissioners since they were sentenced that have resulted in a lengthening of their prison terms. The plaintiffs allege that their constitutional rights have been violated under the Due Process Clause, the Ex Post Facto Clause, and the Fifth and Sixth Amendments. They seek declaratory and injunctive relief.

## DISCUSSION

The plaintiffs claim that the changes in Wisconsin's substantive parole laws and policies have deprived them of meaningful parole review and have resulted in a system in which the parole board no longer exercises discretion in parole eligible cases. However,

> In order for due process protections to apply, there must be a protectible liberty or property interest. There is no constitutional or inherent right for a convicted person to be conditionally released before expiration of a valid sentence. A valid conviction constitutionally extinguishes the prisoner's right to liberty for the duration of his sentence. However, a state may create a protected liberty interest in parole by enacting provisions governing parole that give a prisoner a reasonable expectation that he will be released if certain criteria are met.

*Thompson v. Veach*, 501 F.3d 832, 835-36 (7th Cir. 2007) (internal citations and quotations omitted). Whether a state statute provides a liberty interest in parole must be decided on a case-by-case basis. *Id.* at 836.

Both state and federal courts have determined that parole in Wisconsin is discretionary, rather than mandatory, and that state prisoners have no liberty interest in the possibility of parole until their mandatory release date. *See* Wis. Stat. § 304.06; *see also Madyun v. Litscher*, 57 Fed. Appx. 259, 260 (7th Cir. 2002); *Felce v. Fiedler*, 974 F.2d 1484, 1491-92 (7th Cir. 1992) ("The mandatory release parolee is distinguished from the discretionary parolee. The latter is released at the discretion of the department ... when he or she has served a minimum portion of the sentence."). Accordingly, because the plaintiffs do not have a liberty interest in parole before their mandatory release date, they may not proceed on due process claims under the Fourteenth Amendment.

The plaintiffs also address the Fifth and Sixth Amendments in their complaint. However, there is no federal due process right at issue, and this case has nothing to do with the provision of effective assistance of counsel in a criminal case.

Finally, the plaintiffs allege that changes to Wisconsin's substantive parole standards and to the state's parole laws and policies have effectively extended their prison terms, in violation of the ex post facto clause of the United States Constitution.

In some instances, retroactive changes in laws governing parole of prisoners may violate the ex post facto clause, which bars retroactive enactments that increase the punishment for a crime after its commission. *Garner v. Jones*, 529 U.S. 244, 249-50 (2000). In order to state an ex post facto claim, a prisoner must demonstrate that the retroactive procedural change created a "sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id.* at 250 (quoting *California Department of Corrections v. Morales*, 514 U.S. 499, 509 (1995)). The Supreme Court explained that "[w]hen the rule does not by its own terms show a significant risk," a prisoner must produce "evidence drawn from the rule's practical implementation ... that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Garner*, 529 U.S. at 255.

In this case, the plaintiffs allege that policy directives and other memoranda that did not officially change the parole guidelines in Wisconsin nevertheless effectively removed the discretion regarding discretionary parolees and transformed their sentences into truth in sentencing sentences, meaning they won't be released until their mandatory release dates.

At this juncture, the court finds the plaintiffs' allegations sufficient to state an ex post facto claim, and they will be allowed to proceed on this claim. The court notes, however, that the plaintiffs will not have an easy time proving that any directives or policy changes regarding the exercise of discretion by the parole commission created a significant risk of a prolonged sentence, even though they did

not alter the statutes and regulations. They will need to establish how the statistical data applies to their case and show that the application of different criteria would not have resulted in the denials of their release on parole on the same grounds given in the documents denying their parole (which include insufficient time served for punishment, unsatisfactory program participation, and an unreasonable risk to the public if plaintiffs were released).

Next, the court turns to consider the appropriate defendants to this action. The plaintiffs have broadly named the entire Wisconsin parole board, in their individual and official capacities, as well as Rick Raemisch, Secretary of the Wisconsin Department of Corrections.

In general, plaintiffs may proceed on individual claims only against those defendants who were personally involved in the alleged deprivation of their constitutional rights. *Iqbal*, 129 S. Ct. at 1948. The documents submitted with the plaintiffs' complaint indicate that defendant James Hart denied plaintiff Jardine parole in October 2008, and that defendant Alfonso Graham approved the decision. It also appears that defendant Hart denied plaintiff Darrington parole in 2004, 2007, 2008, and 2009. However, it is well settled that parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole. *Smith v. Gomez*, 550 F.3d 613, 619 (7th Cir. 2008); *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996). The plaintiffs may not proceed on individual capacity claims against any of the defendants.

-8-

The plaintiffs seek only declaratory and injunctive relief. Thus, their official capacity claims against the defendants are not barred by the Eleventh Amendment and may proceed under § 1983. *See Power v. Summers*, 226 F.3d 815, 819 (7th Cir. 2000); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 n. 10 (1989). The plaintiffs may proceed on the ex post facto claim against the defendants in their official capacities. The defendants have already been served with the plaintiffs' complaint and answered it. Therefore, no service or additional responsive pleading is necessary. The court will issue a separate scheduling order.

## CLASS CERTIFICATION AND COUNSEL

The plaintiffs have filed a motion for class certification and a motion to appoint counsel. They assert that they are appropriate representatives of the class of Wisconsin prisoners convicted prior to December 31, 1999, whose parole has been denied, and they ask the court for certification of a class under Fed. R. Civ. P. 23. They also ask the court to appoint counsel to represent the class.

Under Rule 23(a)(4), a named plaintiff must be able to provide the class with adequate representation. A critical factor in determining the adequacy of representation is the legal skill of those actually conducting the litigation. *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (en banc). Where, as here, the plaintiffs are unrepresented, there is no counsel to consider. The plaintiffs may not proceed *pro se* on behalf of a class. Because absent class members are bound by a judgment whether for or against the class, they are entitled to the assurance of

-9-

competent representation afforded by licensed counsel. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action); *see also Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983); *Huddleston v. Duckworth*, 97 F.R.D. 512, 514-15 (N.D. Ind. 1983) (prisoners proceeding *pro se* not allowed to act as class representatives); *Caputo v. Fauver*, 800 F. Supp. 168, 169-70 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action"). Because the plaintiffs are not represented by a lawyer, the motion for class certification will be denied at this time. The captions of future filings in this case should simply provide plaintiffs' names, without reference to a class. This denial will be without prejudice and subject to being renewed should counsel later appear to represent plaintiff(s)'s interests.

The plaintiffs attempt to remedy their inability to provide legal representation for the class by asking the court to appoint counsel for the class. In fact, they ask the court to appoint a specific professor from the University of Michigan Law School. However, this professor is not listed as one of the attorneys the plaintiffs have contacted. Even if he had been contacted, presumably he would already be representing the plaintiffs if he had the desire and/or the ability to do so. It appears that the plaintiffs simply chose him based on his writing on the general subject matter of this case.

Civil litigants do not have a constitutional or statutory right to appointed counsel, but the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. The plaintiffs have met this threshold burden. Thus, the court must address the following question: given the difficulty of the case, do these plaintiffs appear competent to try the case themselves and, if not, would the presence of counsel likely make a difference in the outcome of the case? *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

While this case may prove difficult to litigate, the plaintiffs have presented a comprehensive and detailed complaint that shows not only their ability to communicate with the court, but also their sophisticated understanding of the law in this area. Thus, the court concludes that the plaintiffs are competent to represent themselves at this time and will deny their motion without prejudice. Suffice it to observe that the court will not appoint counsel simply so this action can be transformed into a class action.

**MOTIONS TO INTERVENE**

The court has received numerous motions to intervene from prisoners in several Wisconsin Department of Corrections facilities. Apparently word of the

plaintiffs' action spread like wildfire and no one wanted to be left out. Although some of the individuals seeking to intervene may have claims that share common questions of law with the plaintiffs' ex post facto claim, the facts of each individual's situation differ. While the court permits multi-plaintiff *pro se* litigation, the addition of numerous *pro se* prisoners from different institutions, all of whom would have to sign every pleading filed with the court would be unwieldy. It also would be unfair to allow these individuals to join this action without the consent of plaintiffs Jardine and Darrington.

One of the motions to intervene was filed by inmate Jesse Swinson who not only sought to participate in this action, but also submitted an alternate proposed complaint. He argues that if this case proceeds as the class action representing Wisconsin prisoners sentenced prior to 1999, that the court should allow the action to proceed under his proposed complaint. First and foremost, plaintiffs Jardine and Darrington have not consented to Swinson's proposed action. In fact, plaintiff Jardine submitted a letter dated April 18, 2010, asserting that Swinson's motion was an attempt to sabotage the complaint he and plaintiff Darrington filed. Even if the plaintiffs agreed to Swinson's alternate complaint, the transformation of this suit brought by two *pro se* individuals into a class action would create a procedural nightmare. If Swinson and any other prisoners want to proceed on the proposed Swinson complaint, they may do so by filing a new action.

-12-

For the foregoing reasons, the court will exercise its discretion under Federal Rule of Civil Procedure 24(b) and deny each of the non-party motions to intervene. The court also will direct the Clerk of Court to not only terminate as a party each person whose motion to intervene has been denied, but also to remove each of the movants from the docket in this case. Additionally, the Clerk of Court shall return unfiled any additional motions to intervene or letters submitted by individuals who are not parties to or counsel of record in this case.

Accordingly,

**IT IS ORDERED** that plaintiff Jardine's motion for leave to proceed *in forma pauperis* (Docket #7) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Jardine's motion for leave to proceed *in forma pauperis* (Docket #9) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff Darrington's motion for leave to proceed *in forma pauperis* (Docket #8) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to appoint counsel (Docket #3) be and the same is hereby **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion for class certification (Docket #4) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Richard Kusch (Docket #24) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Timothy Burns (Docket #25) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Thomas J. Shew (Docket #26) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Ryan Brucker (Docket #27) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Robert Gordon (Docket #28) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Jason Heller (Docket #29) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Gerald A. Tabat (Docket #30) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by John Christ (Docket #31) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Kevin Waite (Docket #32) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Ernest Taylor (Docket #34) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Jovan T. Mull, Sr. (Docket #35) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Martwon Brown (Docket #36) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by David Davis (Docket #37) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Kwesi B. Amonoo (Docket #38) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the amended motion to intervene and motion for joinder of claims, remedies and further causes of actions by Jesse H. Swinson (Docket #42) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by John D. Mascaretti (Docket #44) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion for leave to proceed *in forma pauperis* and motion to effect service of alternate complaint by Jesse H. Swinson (Docket #45) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by James R. Schultz (Docket #46) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Jimmie V. Anzualda (Docket #47) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Jerry M. Fusak (Docket #48) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Terry Vollbrecht (Docket #49) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Norman P. Pepin (Docket #50) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Paul M. Ruegg (Docket #51) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Joseph Flinchbaugh (Docket #52) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Craig Sussek (Docket #53) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by David J. Roberts (Docket #54) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Patrick Rogers (Docket #55) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Daniel Eagan (Docket #56) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Allan R. Koch (Docket #57) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Danny Jones (Docket #58) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Nick Brosz (Docket #59) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Michael Tatum (Docket #60) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Robert Chavis (Docket #61) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Donnell Garrett (Docket #62) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Derwin Jones (Docket #63) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Michael Vieth (Docket #64) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Houa Yang (Docket #65) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Jeffrey Foos (Docket #66) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Michael Riley (Docket #68) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the motion to intervene by Chris Oglesby (Docket #69) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall both terminate as parties and remove from the docket each of the movants whose motions to intervene have been denied. Additionally, the Clerk of Court shall return unfiled any additional motions to intervene or letters submitted by individuals who are not parties to or counsel of record in this case.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff Jardine's prison trust account the $212.24 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where plaintiff Jardine is confined.

**IT IS FURTHER ORDERED** that the plaintiffs shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiffs are hereby notified that they each must sign every paper or document filed with the court and that they are required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a) and 11. The plaintiffs should also retain a personal copy of each document. If the plaintiffs do not have access to a photocopy machine, they may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiffs are further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 2nd day of June, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge