# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMIE D. JARDINE and ERICK DARRINGTON,

    Plaintiffs,
 v.              Case No. 09-C-1114

ALFONSO GRAHAM, JAMES HART,
JAYNE HACKBARTH, STEVE LANDREMAN,
ARELY GONNERING, FRED A. MELENDEZ,
M. JEANNE HUIBREGTSE, FRAN PAUL,
SHARON WILLIAMS, and RICK RAEMISCH,

    Defendants.

## ORDER

  The plaintiffs, Jamie D. Jardine and Erick Darrington, have filed an objection to the court's June 2, 2010 order. They ask the court to reconsider the dismissal of their due process claim and allow them to proceed on that claim. They acknowledge that there is no right to parole, but they contend there is a constitutional right to have a parole decision made in accordance with the law and/or statutory criteria.

  The plaintiffs cite Federal Rule of Civil Procedure 46, which provides that formal exceptions to rulings or orders at trial are unnecessary. Instead, the court will construe this objection as a motion under Rule 54(b). Rule 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Motions to reconsider an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir. 1987). *Compare Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

The plaintiffs agree with the court that there is no due process right to be granted parole. However, they maintain that "there exists a Constitutional right to have a parole decision [made] in accordance with the statutory criteria and not by retroactive use of substantive parole policies, laws, and standards that were not in effect when they were convicted." (Plaintiffs' Objection, p. 4). The plaintiffs are asking for a certain type of process in the parole decision, but the plaintiffs' argument is misplaced. Because there is no liberty interest in parole, there are no due process rights associated with the parole procedure. "In order for due process protections to apply, there must be a protectible liberty or property interest." *Thompson v. Veach*, 501 F.3d 832 (7th Cir. 2007). The plaintiffs are not entitled to due process protections with regard to the parole procedure because they have no protectible liberty interest in parole.

-2-

The court's decision and order dated June 2, 2010, did not contain manifest errors of law or fact, and the plaintiffs have presented no newly discovered evidence to alter the court's dismissal of their due process claim.

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion for reconsideration (Docket #71) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of July, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge